Bullard, J.
This case was remanded at a former term of this court, (see 3 Robinson, 138,) for the purpose of ascertaining the amount to which the defendant is entitled, for such improvements put by him upon the plaintiff’s land, as have enhanced its value, after deducting the rents since the inception of this suit. It was tried by a jury, and on the first trial, the jury not being able to agree, it was submitted to a second jury, who found the value of the improvements to be $2433, the rents to be deducted $600, leaving due to the defendant $1833, for which sum judg- *45 ' ment was rendered in favor of the defendant against the plaintiff, and the latter appealed.
Willson, for the appellant.
Selby, for the defendant.
The tract contains only one hundred and sixty American acres, and the whole land cleared and rendered fit for cultivation does not exceed, according to the evidence, forty acres, thirty of which were cleared before the suit was brought. It is shown that it is worth about twenty dollars per acre to clear land well. With respect to buildings put upon land, they are placed by the Code upon a different footing. See art. 500. It leases it to the option of the owner to retain the buildings, and to pay merely the price of the materials and the costs of construction, or to require their demolition. In the case now before us, it is clear that the owner has been charged in the verdict for the buildings, at a high estimate, as constituting, necessarily, an enhanced value of the soil; and that too, without affording him an opportunity to avail himself of the choice given him by the Code.
The principles which we think ought to govern in this class of cases, are explained in the case of Pearce et al. v. Frantum, (16 La. 414,) and we find in the verdict of the jury in this case a wide deviation from those principles. The amount found against the plaintiff is nearly, if not quite, as much as the whole tract is worth ; and yet only a small clearing has been made. While we are bound to carry out the equitable principle, that no one should enrich himself at the expense of another, we ought not to forget that the principle applies as well to the defendant as to the plaintiff, and that the owner is to be protected in his property against exorbitant demands.
It is, therefore, ordered, that the judgment of the District Court be reversed, and the verdict set aside, and that the case be remanded for a new trial; the costs of the appeal to be paid by the appellee.